Iancu May it please the Court, there is no dispute in this case that the Pat Brooks made a mistake when they originally interpreted Section 154. There is no dispute that this Court in Wyeth corrected that mistake. There is no dispute that the Patent Office admitted its mistake and for patents that issued prospectively after March 2, 2010, it corrected its computer and proceeded to treat patent applicants fairly with respect to patent term adjustment. There is also no dispute that Nippon Shinyaku, the appellant in this case, was harmed. It was harmed in the case of one patent by being deprived of 176 days of patent term adjustment and the other of 220 days. The challenged procedure here, the so-called interim procedure, is arbitrary and capricious. The district judge's decision on summary judgment, of course, may be reviewed by this Court de novo and although the district court suggested that the interim procedure be entitled to some skid more deference, we doubt that very much, if at all, should be that decision because this is not a situation within the unique expertise of the Trademark Office. It's not an eligibility regulation under 101 or an obviousness regulation under 103 or so on. Instead, this is counting days and what's fair. And the arbitrariness of the interim procedure is evidenced by the fact that it tied, in the case of a patentee like Nippon Shinyaku, whose patents issued before a certain date, it tied its ability... Can I just ask this question? Did the interim procedure do something different from simply saying, we're going to give an exceptionally fast way of getting relief precisely for those patentees who still have the ordinary means of getting relief through the 705 and 181 process within the agency and through the 100-day litigation process? And do you agree that that's how this opinion lines up and are saying that's unreasonable or do you think that's not what, in fact, the interim procedure does? I would say that is how this procedure lines up. So why isn't that... I mean, finality is exceptionally powerful as a rationale in the law. Why is it unreasonable for the PTO to say, all we're doing is saying the people who already can eventually get us to change what we're doing can do it faster, but not other people. Because of the way they did it. And in particular, tying the ability to get that relief to an event that was in the past, namely a decision on a 1.705D request for reconsideration, on an event that was outside the patentee's control, namely the date that the patent office issued the decision on the 1.705D, and most important, on an event that would have been futile. By which I mean this. There is no justification that any responsible patent attorney could have made a request on the 1.705 before Wyeth to get a patent term adjustment. That wasn't the law. The law and the way the patent office... I don't remember the details, but for example, did Wyeth do that? Did Wyeth pursue a 1.705 remedy or go directly to court or what? Wyeth at least went directly to court. I'm not sure if they pursued a 1.705. You could have done that. We could have done that, but it wasn't necessary for us to do that. Did we say something like that in one of our previous decisions? I think the previous decisions, Novartis and otherwise, dealt with the 180-day issue. But I think that the best analogy to this, I think, quite odd situation is this Court's decision in Micron. In Micron... The venue case? The venue case. In Micron, the issue was whether or not the defense of improper venue was available before the Supreme Court's decision in T.C. Heartland. And this Court said no. It wasn't available because that wasn't the law. So you can't be said to have waived a right to challenge venue when you couldn't have made such a motion because the district court couldn't have granted it. If I remember right, Micron is more limited. Micron specifically dealt with the 12H... The language of Rule 12H. And the thing that was critical there was that it was not available in district court, not because the issue was uncertain, but rather because we had binding precedent controlling the district court. And exactly the same situation existed here. Really? There was binding precedent? There was a binding regulation. Oh, a regulation. The way that the PACT office interpreted Rule 154, A delay, B delay, C delay, was the way it had done so for many years. That is, not counting the overlap. Counting with a greater of A and B delay. And this Court in Wye said, no, that's wrong. You have to consider both except for the day where they overlap. And therefore, no patent term adjustment request for reconsideration could have been made before Wye. I mean, it could have been made, but it would have been futile. And this Court in Micron said that it's not required that there be a waste of resources for purpose of making something futile. So could Nipon Shinyaku have gone the Wye route? Yes. Could any other similar situation happen? Yes. But I don't think that the concept of Micron or simple fairness requires that kind of situation. Instead, what could the patent office have done? They could have said, let's look at the two-month period of 181 and let's do it from the date of February 1st, the day of the interim procedure. If you file within two months, you can do it. They could have said, we can waive, as they did in another circumstance. We'll waive the requirement of 705D that a request be made within two months of issuance of the patent. And so long as you make your request within 180 days or 90 days or 30 days or 20 minutes, that's okay. But what they did was they created an arbitrary situation. They said only people who have gotten a decision by a certain date, where you never would have sought that decision, I would never have, no responsible patent attorney, knowing how the patent office construed 154, no responsible patent attorney would have filed such a request for reconsideration. But the patent office says that it did that on reflection. There was some rationale for their adopting those dates and writing the interim regulation the way they did. It wasn't entirely arbitrary. They just didn't pick these numbers out of thin air. Now, maybe they didn't fully appreciate the consequences, but that doesn't necessarily mean that what they did was arbitrary or capricious. I have two answers to that. First of all, yes, they did tie the two-month period to something. They tied it to the two-month provision of 1.181F that gives you a right to petition the director under certain circumstances. So, yes, there is a regulatory analogy, but it's flawed because that rule talks about the situation where there is a decision and then you have two months. The interim procedure said there was a decision, but that was in the past. Oh, we're sorry, the two months have passed, and you, the applicant, have absolutely no control. The second thing, Judge Lynn, is that the unintended consequence, perhaps, is precisely why there should have been a notice and comment procedure. The Patent and Trademark Office took the position in their briefing and will, I'm sure, in a few minutes, take the position that it's just a procedural rule. It just gave the applicant a kind of streamlined way of the fee and so on. And that's really not, I think, accurate because the first sentence of the interim procedure says that patentees who received a decision may file a request for reconsideration within two months of the date of the decision. So that creates a substantive right. Now, it's the second sentence that does say if you file it, we'll give you a form, you don't have to pay the fee. Those things are indeed procedural. But to say that now, in the face of an admitted mistake that this Court in Wyeth identified, that now we should, we're going to create a situation where we're defining when that right exists, to say that that should be issued without a notice and comment provision, I think is simply improper. And for those reasons, we think that the Court should determine that the interim procedure is arbitrary, capricious, and contrary to law. And unless there are further questions, I'll preserve it. Thank you. Yes. May it please the Court. The District Court here correctly granted summary judgment in favor of the Patent Office in this case because, first, the use of the two-month window as set forth in Rule 181F was not arbitrary and capricious. And, second, because the interim procedure was procedural, notice and comment was not required. Here, I think there may be some misunderstanding of what the interim procedure actually accomplished. It was purely procedural. It just allowed those patentees who already had the ability, who were already eligible for seeking review of their patent term adjustment determinations, either in court under the 180-day time limit set forth in the statute or within the two-month regulatory time limit set forth in 181F, to file simplified paperwork before the Patent Office. That is, in effect, basically what the interim procedure did. It didn't in any way change the substance or any substantive rights. It didn't create any avenue of review. It didn't eliminate any avenue of review that was already available to these patentees. The sentence in the interim procedure on page 5044, that Counsel for a New Punch in Yakut pointed to, as creating some kind of substantive right, says that patentees who, and this is in column two of 5044 in the first full paragraph, and that says, patentees who received a decision on a request for reconsideration of the patent term adjustment indicated in the patent under 37 CFR 1.705D under USPTO's pre-Wyeth interpretation of 35 U.S.C. 154b2a, may file a request for reconsideration of that decision if such a request is filed within two months of the date of the decision on a request for reconsideration, and then as a cite to 37 CFR 1.181F. All that is doing is just stating what the regulatory scheme was at the time. It was not creating that right. That right existed because of 1.181F. So that's just stating what the status quo was. That was not creating any kind of substantive right there. So that's just, I think, a misunderstanding as to whether the interim procedure creates any kind of substantive right. It doesn't at all. It's just purely procedural. With respect to the argument that the use of the two-month window is arbitrary and capricious because it's tied to some event that was outside of the control of the patentee, well, I would submit to the court that's just how filing deadlines and statutes of limitation work. They're always keyed to some previous event. And most of the time, very often, that event is outside the control of the grievance because it's based on an order by the court or some decision by an agency or the filing of the opponent in the case. So merely saying that it's outside the control of the person who's aggrieved in that case doesn't make it arbitrary and capricious. And I think the Supreme Court recognized that in the Locke case where it said statutes of limitation and filing deadlines operate harshly and arbitrarily to those people who fall outside of it. And so I think they absolutely recognize that, yes, a statute of limitation or a filing deadline is going to be keyed to an earlier event. And that earlier event is often going to be caused by somebody who's not the grievant. So just merely saying that it was outside of my control, therefore, it's arbitrary and capricious, I don't think will win the day. With respect to the futility argument, I think history bears out that it wasn't a futile offense. Wyeth came to the Patent Office. They filed a request for reconsideration. It was denied, and they went to court, and they prevailed. And so I think that this court has twice rejected futility arguments. First, this court has said you can't really rely on a futility argument if you filed your judicial review late outside of the 180 days because there's no equitable tolling for that 180 days. And it also said in the Daiichi – that's the Novartis case. And then in the Daiichi case, this court said that filing a 1.183 petition, asking the Patent Office to waive its two-month rule, just merely sitting on your rights, knowing the facts, knowing the law, is not going to be an extraordinary circumstance to rise to the level to allow the Patent Office to waive that two-month timeline. So I think the futility argument must yield here because this court has already reviewed it, already said that it wouldn't save them either with a late judicial filing or a late regulatory filing. And lastly, just pointing to the Micron case, I mean, I think this court is absolutely correct. I think it's a very different situation there. In Micron, there was precedent that precluded the district court and other courts from recognizing the argument. Here, no one had weighed in yet. There was no precedent. There was nothing that forbade a district court or this court from finding in Mikan Shinyaki's favor. And there was nothing that prevented them from coming to the Patent Office and convincing us and saying, Patent Office, you've got it wrong. Here's the way that it should be applied and it should be interpreted. And they chose not to do that. And so because they chose not to do that, they had to live with their consequences and they shouldn't be able to recast that somehow as the fault of the USPTO in this case. If there are no questions, I yield my time. Thank you. Very briefly, Your Honors, with regard to Nippon Shinyaki allegedly sleeping on its rights, it should be noted that we filed this lawsuit on July 6, 2010, which was within 180 days of the Wyeth decision. So Nippon Shinyaki was well aware of Wyeth and was well aware of its obligations. My learned colleague is not correct when he says that no right was created by the interim procedure. A right was created by the interim procedure. In the procedure itself, the Patent Office admits that the court in Wyeth said that its interpretation was too strict. Those are the words from the same column that my colleague cited. In other words, there was a reason, there was a precedent, if you will, precluding the grant of patent term adjustment under 705, and that was the Patent Office's own interpretation of the statute. That interpretation was found to be incorrect and to what should have been a simple remedy, as the remedy was created for patents issuing after March 2, 2010, turned into a situation where in order to take advantage of it, someone would have had to undergo a futile act. We think that that makes it arbitrary. Thank you. Thank you, Your Honors. We thank both sides. The case is submitted. That concludes our proceeding. All rise.